# Keller | Postman

September 10, 2025

Christopher G. Conway, Clerk
Seventh Circuit Court of Appeals
219 S. Dearborn Street
Chicago, IL 60604

>Re:  *Ana Bernal, et al. v. Kohl's Corporation*, *et al.*, No. 24-2806 (oral argument Sept. 17, 2025): Response to Appellees' Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28(e) letter

Dear Mr. Conway:

*Frazier v. X Corp.*, ___ F.4th ___, 2025 WL 2502133 (2d Cir. Sept. 2, 2025) merely confirms what this Court already found in *Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609 (7th Cir. 2024): Section 4 relief is available when a party breaches an arbitration agreement. There was no breach in *Wallrich* or *Frazier*. But Kohl's breached its agreement here.

In both *Wallrich* and *Frazier*, individuals sought arbitrations and businesses refused to pay fees. *See Wallrich*, 106 F.4th at 614; *Frazier*, 2025 WL 2502133, at *4. But neither the AAA nor JAMS decided that the businesses had to pay those fees for the arbitrations to continue. *Wallrich*, 106 F.4th at 620; *Frazier*, 2025 WL 2502133, at *10. Because the businesses' refusal to pay fees was not a refusal to arbitrate, the consumers could not invoke § 4. *See Wallrich*, 106 F.4th at 620; *Frazier*, 2025 WL 2502133, at *9–10.

By contrast, the AAA decided here that Appellants' arbitrations could *not* proceed until Kohl's registered its agreement. Petitioners-

Appellants' Opening Brief and Required Short Appendix ("OB"), at 32–39; Petitioners-Appellants' Reply Brief ("PRB"), at 5–12. Rule 12 required Kohl's to register its agreement before the AAA could move forward, which the AAA confirmed in correspondence. OB 20. Before following Rule 12, the AAA even confirmed that if Kohl's did "not comply [with Rule 12], *absent a court order*, the AAA will be unable to provide arbitration administration." *Id.* 21 (quoting 2-SA-181 (emphasis added)).

The factual distinction is dispositive. Where a business's refusal to act does *not* prevent arbitrations from proceeding, it has not refused to arbitrate under § 4. But where a business's refusal to act *does* impede arbitration, § 4 relief *shall* be granted. The AAA concluded that Kohl's had refused to act in a way that prevented the AAA from initiating arbitrations. PRB 9–12. Courts must defer to that arbitral conclusion. *See Wallrich*, 106 F.4th at 620; *Frazier*, 2025 WL 2502133, at *5–6. And doing so requires reversal.

Sincerely,

Kiran Bhat
*Counsel for Petitioners-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with (1) the word limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body contains 333 words; and (2) the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Century Schoolbook font.

Dated: September 10, 2025    /s/ *Kiran N. Bhat*
                              Kiran N. Bhat
                              *Counsel for Petitioners- Appellants*

## CERTIFICATE OF SERVICE

I certify that on September 10, 2025, I electronically filed this letter with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, which will accomplish service on all case participants.

Dated: September 10, 2025    /s/ *Kiran N. Bhat*
                              Kiran N. Bhat
                              *Counsel for Petitioners- Appellants*